AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Shulman)                                  USAO CW No. 25-064

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Enmanuel Fernandes-Calixto ) | Case No.   25-mj-699 |
| a/k/a  Emanuel Fernandes ) | |
| a/k/a Emanuel Bartholomew ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 2, 2025 _____ in the county of _____ Philadelphia _____ in the
_____ Eastern _____ District of _____ Pennsylvania _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111 | forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer of the United States, while the officer was engaged in the performance of his official duties |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
s/Bryan Pachini
*Complainant's signature*

Bryan Pachini, Deportation Officer, ICE
*Printed name and title*

Sworn to before me by telephone.

Date:    April 2, 2025

/s/ Jose R. Arteaga, USMJ
*Judge's signature*

City and state:    Philadelphia, Pennsylvania

Honorable José R. Arteaga, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRMINAL COMPLAINT AND ARREST WARRANT**

1.      I, Bryan A. Pachini, am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since April 4, 2016. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act. I am currently assigned to the ICE Enforcement and Removal Operations ("ERO") Philadelphia, Pennsylvania Field Office, and my duties include investigating violations of Title 8 of the United States Code ("U.S.C") to include violations of immigration offenses.

2.      I have prepared this affidavit in support of a criminal complaint and arrest warrant for Enmanuel FERNANDES-CALIXTO ("FERNANDES-CALIXTO"), a/k/a Emanuel FERNANDES, a/k/a Emanuel BARTHOLOMEW, because there is probable cause to believe FERNANDES-CALIXTO, who is an alien, that is, and individual who is not a citizen or national of the United States, forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with me when I attempted to arrest and transport him for immigration-related proceedings, in violation of 18 U.S.C. § 111(a)(1).

3.      This affidavit is based on information I obtained from my personal observations, my training and experience, review of documentary evidence, and information provided to me by other members of the investigation. Because this affidavit is submitted only for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, it does not include all information known to the government as a result of the investigation.

4.      On August 21, 2024, I received information that FERNANDES-CALIXTO was arrested by the Philadelphia Police Department and charged with Strangulation, False

Imprisonment, Terroristic Threats, Simple Assault, Recklessly Endangering Another Person, and associated charges, docked under CP-51-CR-0006942-2024.

5.      On August 21, 2024, I conducted a check in the National Crime Information Center ("NCIC") database for FERNANDES-CALIXTO's criminal history, as well as his immigration history.  Under the FBI number associated with FERNANDES-CALIXTO, DV4NVMCP3, I discovered that FERNANDES-CALIXTO had previous encounters with immigration authorities.  I conducted further checks in a DHS database for FERNANDES-CALIXTO's immigration history in the United States.

6.      Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A Search of ICE databases revealed that FERNANDES-CALIXTO was assigned Alien Number 240 445 956.

7.      On August 21, 2024, based on my review of DHS electronic databases, I found that United States Border Patrol ("USBP") encountered FERNANDES-CALIXTO on December 18, 2021, in the area of San Luis, Arizona as an accompanied juvenile along with his sister, Gisel FERNANDES, and both were illegally in the United States (FERNANDES-CALIXTO is currently 20 years old).  FERNANDES-CALIXTO was paroled into the United States by USBP and then released on Alternative to Detention as a Condition to Parole due to detention capacity.

8.      On April 20, 2022, FERNANDES-CALIXTO, a native and citizen of Brazil, was served with a Notice to Appear charging him with being removable from the United States

pursuant to Section 212(a)(6)(A)(i)) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality

Act. On August 17, 2023, the Immigration Judge dismissed the immigration court proceeding

without prejudice. On December 8, 2023, FERNANDES-CALIXTO filed to vacate immigration

court proceedings, and the Immigration Judge agreed to vacate the proceeding if FERNANDES-

CALIXTO filed written pleadings by March 11, 2024.  FERNANDES-CALIXTO failed to do so

by his scheduled hearing on March 25, 2024.  FERNANDES-CALIXTO remained on

immigration parole during this entire period. Throughout this period, FERNANDES-CALIXTO

continued to use different addresses in Philadelphia.

9.      FERNANDES-CALIXTO's August 21, 2024, arrest by Philadelphia Police

constituted a violation of his release from immigration custody. On October 28, 2024, ICE issued

a Warrant to Arrest FERNANDES-CALIXTO.

10.      On April 1, 2025, I received information that FERNANDES-CALIXTO was no

longer in Philadelphia local custody from his August 21, 2024 arrest and that he may be living at

6530 Bradford Terrace, Philadelphia, Pennsylvania. On April 2, 2025, at approximately 5:50

a.m., I saw a male matching the description of FERNANDES-CALIXTO by his build, including

his height and weight, leave the above address and get into the front passenger side of a silver

Honda CRV bearing Pennsylvania registration "MMN5283."  I, along with a U.S. Drug

Enforcement Administration ("DEA") Agent who was in a separate vehicle, followed this

vehicle for a short time.  We activated our emergency lights to conduct a vehicle stop.  The

vehicle came to a stop on Hawthorne Street right before Levick Street.  The DEA agent and I

approached the vehicle, and I positively identified FERNANDES-CALIXTO from his arrest

photo taken by the Philadelphia Police Department on August 21, 2024, sitting in the front

3

passenger seat. Additionally, FERNANDES-CALIXTO had a tattoo on his neck that said, "Fernando," which was also consistent with his 2024 arrest photo.

11.    I instructed FERNANDES-CALIXTO to step out of the vehicle and that we had an immigration arrest warrant (based on his violation of release conditions).  He stepped out of the vehicle, and I placed him into handcuffs behind his back and conducted a search incident to arrest, retrieving a cell phone from his front right pocket.  FERNANDES-CALIXTO was placed into the rear passenger side of my vehicle and seat-belted in for his safety. FERNANDES-CALIXTO started to say we had the wrong guy.  I showed FERNANDES-CALIXTO his arrest photo from August 21, 2024, that I had attached to my Field Operations Worksheet and asked him if this was him.  FERNANDES-CALIXTO responded, "yes."  I attempted to take a photo of FERNANDES-CALIXTO, but he would not look at my phone after several attempts.  At approximately 6:03 a.m., the DEA Agent and I left the location to transport FERNANDES-CALIXTO to the ICE Philadelphia Field Office to be processed.  I was alone in my vehicle with FERNANDES-CALIXTO, and the DEA Agent followed in a separate car.

12.    At approximately 6:05 a.m., while stationary at the traffic light at the corner of Battersby Street and Harbison Avenue, I heard an audible noise that I recognized as my vehicle's alert signal that a seat belt had been undone.  I immediately looked at FERNANDES-CALIXTO and observed that his seat belt was undone, and he was no longer handcuffed behind his back, but handcuffed in the front.  I also observed him trying to open the back door. I broadcasted over the radio to the DEA agent that I was pulling over because I believed FERNANDES-CALIXTO was trying to escape.  I stopped my vehicle on Harbison Avenue just past Battersby Street next to a Danis Auto dealership.  I exited my car to look for leg restraints but had none in the car.  I grabbed another set of handcuffs and a belly chain to restrain him.  I opened up the rear

4

passenger door, and FERNANDES-CALIXTO immediately pushed me with his hands while

handcuffed and yelled "no touch me" several times. At the same time, I told him to stop resisting

and he was under arrest.  He began moving his body to the rear driver's side away from me, as

the DEA agent arrived and approached the rear driver's side door.  FERNANDES-CALIXTO

then shifted to the middle of the rear seat and attempted to climb into the front of the car.  I

closed the rear passenger side door and shifted to the front passenger side door to prevent

FERNANDES-CALIXTO from getting into the front of the car.  At the same time, I shut my

vehicle off and grabbed my vehicle's keys and had the DEA agent call the local police for

assistance.  Simultaneously, I messaged officers in my unit to assist us at our location.

13.    FERNANDES-CALIXTO again tried to climb into the front section of the car.  I

blocked FERNANDES-CALIXTO from this and he immediately began swinging his hands

towards my face while he was handcuffed in an attempt to strike me in the face. FERNANDES-

CALIXTO then started to hit my rear driver's side window with his elbow in an attempt to break

the window.  I closed the front passenger side door to see if the DEA agent had been able to

make contact with local police for assistance and noticed that FERNANDES-CALIXTO

somehow locked the vehicle's doors.  I unlocked the vehicle and re-opened the front passenger

door.  FERNANDES-CALIXTO again tried to climb towards the front section of the vehicle,

and I blocked him from doing so.  FERNANDES-CALIXTO again began swinging his

handcuffed hands towards my face in an attempt to hit me.  I then retrieved my pepper spray

from my vest.  I told him to stop resisting, that he was still under arrest, and that he might be

charged with additional crimes if he continued.  FERNANDES-CALIXTO again tried to climb

towards the front section of the vehicle, and when I went to block him from doing so,

5

FERNANDES-CALIXTO again started to swing his handcuffed hands towards my face.  I then deployed my pepper spray when I had access to FERNANDES-CALIXTO's face.

14.     As I began coughing, FERNANDES-CALIXTO was able to climb into the front section of the vehicle and climb out of the front driver's side window, which I had inadvertently rolled down when I stopped the vehicle.  I ran around the back of the vehicle to grab FERNANDES-CALIXTO.   I grabbed FERNANDES-CALIXTO and he turned around again to swing his handcuffed hands at me.  As this interaction was occurring in the middle of the street, I tried to watch for motorists to ensure neither of us was hit by a vehicle, and in doing so, I lost control of FERNANDES-CALIXTO as he ran away from me. The DEA Agent and I began chasing him. At that time, a second DEA agent arrived to assist.  We chased FERNANDES-CALIXTO on Harbison Avenue towards Battersby Street. FERNANDES-CALIXTO continued running on Battersby Street turning onto Hale Street.  We continued chasing him on Hale Street turning onto Brous Avenue.  By the time we turned the corner of Brous Avenue, we all lost sight of FERNANDES-CALIXTO.

15.     Based on all of the foregoing, I respectfully submit that the facts set forth in this Affidavit demonstrate that there is probable cause to conclude that Enmanuel FERNANDES-CALIXTO forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an employee of the United States while engaged in the performance of official duties, in violation of Title 18, United States Code, Section 111. I therefore respectfully ask that the Court issue a warrant ordering his arrest for such crime.

_/s/ Bryan A. Pachini_____
BRYAN A. PACHINI
Deportation Officer
Immigration and Customs Enforcement

6

Sworn to and subscribed before me This_ 2nd_
day of April 2025.


    ____/s/ Jose R. Arteaga, USMJ_____
    HONORABLE JOSÉ R. ARTEAGA
    United States Magistrate Judge